IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOARDS OF TRUSTEES OF THE**
**OHIO LABORERS BENEFITS,**

      **Plaintiff,**

      v.

**L.A. WILLIAMS CONSTRUCTION**
**LLC,** *et al.***,**

      **Defendants,**

      **Case No. 2:19-cv-2033**
      **JUDGE EDMUND A. SARGUS, JR.**
      **Magistrate Judge Chelsey M. Vascura**

# ORDER

This action arises from a dispute between Plaintiff Boards of Trustees of the Ohio Laborers Benefits ("Plaintiff") and Defendants LA Williams Construction, LLC and L.A. Williams Construction HWHY, LLC ("Defendants"). Plaintiff filed a complaint on May 19, 2019, alleging that Defendants have failed to pay fringe benefit contributions, liquidated damages, and interest in violation of various collective bargaining agreements and the Employees Retirement Income Act ("ERISA"). (ECF No. 1). The instant matter is before the Court for consideration of Plaintiff's Motion for Default Judgment. (ECF No. 12). For the reasons that follow, Plaintiff's Motion for Default Judgment is **GRANTED.** (ECF No. 12).

**I**

**A. Procedural History**

The docket reflects that Defendants were served with process on May 30, 2019; yet, Defendants have failed to plead or otherwise defend this action. (ECF No.s 2 & 4). The docket further reflects that Plaintiff filed an application for entry of default on July 22, 2019 and that the

1

Clerk entered default against Defendants on July 23, 2019. (ECF No.s 7 & 8). Consequently, Plaintiff now moves the Court for a default judgment against Defendant LA Williams Construction, LLC. (ECF No. 12)

**B. Background**

The following facts are taken from Plaintiff's Complaint and Motion for Default Judgment. (ECF No.s 1 & 12).

The instant suit was initiated by the trustees of three employee benefits trusts and one labor management cooperative trust.[1] (*Id.* at ¶ 2). The three employee benefits trusts are: "the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund, the Ohio Laborers' Training and Apprenticeship Trust Fund."[2] (*Id.* at ¶ 2). The one labor management trust is known as "Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust."[3] (*Id.* at ¶ 2). Collectively, the four trust funds make up "Ohio Laborers Benefits," which was established pursuant to the Agreements and Declarations of Trust.[4] (*Id.*).

Defendant LA Williams Construction, LLC is an Ohio limited liability company.[5] (*Id.* at ¶ 3). According to Plaintiff, Defendant LA Williams Construction, LLC executed a collective

---

[1] Plaintiff maintains that it, as a fiduciary, is a "party in interest" as defined under Section 2(14) of ERISA, 29 U.S.C. 1002(14). (ECF No. 12-1 at 2).

[2] According to Plaintiff, the three employee benefits trusts are an "employee benefit plan" or "plan" under 29 U.S.C. § 1002(1). (ECF No. 12-1 at 2).

[3] Plaintiff avers that the one labor management trust authorized by §302(c)(9) of the Labor Management Relations Act. (ECF No. 12-1 at 2).

[4] The Agreements and Declarations of Trust refer to a 2013-2016 Ohio Highway-Heavy-Municipal and Utility Construction State Agreement between the Labor Relations Division, the Ohio Contractor's Association and the Laborers' District Council of Ohio. (ECF No. 12-2, Pl.'s Exh. at 1).

[5] Plaintiff maintains that Defendant LA Williams Construction, LLC is an employer as defined under Section 2(5) of ERISA, 29 U.S.C. §1002(5). (ECF No. 12-1 at 2).

2

bargaining agreement with a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO ("Union").[6] (ECF No. 12 at 2). By the terms of that agreement, Defendant LA Williams Construction, LLC became a party to the Agreements and Declarations of Trust. (ECF No. 1 at ¶ 4). As such, Defendant LA Williams Construction, LLC was obligated "to file monthly contribution reports, permit audits of their financial records, and make monthly contributions to the Ohio Laborers Benefits on behalf of all persons employed within the trade and territorial jurisdiction of a laborer, as defined in the aforesaid collective bargaining agreements." (*Id.*).

In light of the above, Defendant LA Williams Construction, LLC breached its contractual duties by failing, after demand, to make timely contributions to Ohio Laborers Benefits and LIUNA Tri-Funds. (*Id.* at ¶ 6). Consequently, Plaintiff retained an attorney to collect the money that is now owed by Defendant LA Williams Construction, LLC. (*Id.* at ¶ 7).

Brian Gatson is the Communications/Contractor Relations Manager of the Ohio Laborers' District Council—Ohio Contractors' Association Insurance Fund, the Laborers' District Council I and Contractors' Pension Fund of Ohio, the Ohio Laborers' Training and Apprenticeship Trust Fund, and Ohio Laborers' District Council - Ohio Contractors' Association Cooperation and Education Trust. (ECF No. 12-1, Pl.s' Aff.).  According to his sworn affidavit, Defendant LA Williams Construction, LLC owes Plaintiff $29,782.58 in fringe benefit contributions, liquidated damages and interest for a period beginning in May of 2017 and ending in December of 2018 (the "Delinquent Contributions"). (*Id.*). Lastly, Plaintiff attached an itemization of the legal work performed along with the hours billed to its Motion for Default Judgment. (ECF No. 12-2, Pl.'s Exh. at 7). According to the itemization, the attorney's fees that have accumulated in bringing this action amount to a total of $4,425.00. (*Id.*).

---

[6] Plaintiff attached a copy of the agreement to its Motion for Default Judgment. (*See* ECF No. 12-2, Pl.'s Exh.).

**II**

Federal Rule of Civil Procedure 55(a) provides that default may be entered "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Upon request of the plaintiff, with an affidavit regarding the amount due, Rule 55(b) permits the clerk or the Court to enter a default judgment against the defendant for the amount claimed and costs. *See* Fed. R. Civ. P. 55(b).

The Court may also enter default judgment when a defendant fails to plead or defend his case appropriately. *See Flynn v. Mastro Masonry Contrs.*, 237 F.2d 66 (D.C. Cir. 2002). To obtain a default judgment under Federal Rule of Civil Procedure 55(b), there must first be an entry of default under Rule 55(a) with the Clerk. *See Shepherd Claims Serv. Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986) (stating "entry of default is . . . the first procedural step on the road to obtaining a default judgment").

When ruling on a motion for default judgment, a plaintiff's well-pleaded allegations as to the defendant's liability are normally accepted as true. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Moreover, the Court may consider detailed affidavits or documentary evidence to determine the appropriate award for the default judgment. *United Artists Corp. v. Freeman*, 605 F.2d 854 (5th Cir. 1979).

When a court awards a default judgment for amounts owed under a collective bargaining agreement, ERISA provides that the court must award (1) the unpaid contributions, (2) interest on the unpaid contributions, (3) the amount greater of interest on the unpaid contributions or liquidated damages, and (4) reasonable attorney fees and costs of the action. *See* 29 U.S.C. §1132(g)(2).

**III**

In its Motion for Default Judgment, Plaintiff concedes that Defendant LA Williams Construction, LLC made late contributions of $7,118.14 for July of 2017 to May of 2018. (ECF No. at 2-3). Yet, Plaintiff maintains that it is entitled to recover a total of $23,589.94 in contributions for May, August, October and December of 2017 and for June of 2018 through December of 2018. (*Id.*). Plaintiff also argues that Defendant LA Williams Construction, LLC is obligated to pay interest and liquidated damages pursuant to 29 U.S.C. §1132(g)(2). (*Id.* at 3). According to Plaintiff, Defendant LA Williams Construction, LLC currently owes $6,192.64 in liquidated damages and interest. (*Id.*). Further, Plaintiff avers that, pursuant to 29 U.S.C. § 1132(g)(2), Defendant LA Williams Construction, LLC is obligated to pay reasonable attorney's fees in the amount to $4,425.00 and court costs in the amount of $400.00. (*Id.* at 3-4). Finally, Plaintiff maintains that Defendant L.A. Williams Construction HWHY, LLC should be dismissed from this case without prejudice. (*Id.* at 4). Defendant LA Williams Construction, LLC has not responded.

The record reflects that Defendant was properly served with the summons and complaint but has failed to plead or otherwise defend. (ECF No.s 2 & 4). The legal time for pleading or otherwise defending has expired, *see* Fed. R. Civ. P. 12, and default was properly entered against Defendant LA Williams Construction, LLC. (ECF No. 8).

Furthermore, Plaintiff's Motion for Default Judgment is adequately supported by an affidavit regarding the amount of damages due to Plaintiff pursuant to the Agreements and Declarations of Trust and 29 U.S.C. §1132(g). (ECF No. 7, Pls.' Aff.). Consequently, the Court finds that damages will include the delinquent contributions for May, August, October and December of 2017 along with delinquent contributions for June of 2018 through December of

2018, all of which amount to $23,589.94. Plaintiff is also entitled to liquidated damages and interest in the amount of $6,192.64.

Moreover, ERISA, 29 U.S.C. § 1132(g) applies to attorney's fees and costs of the action. Plaintiff seeks an award of attorney's fees in the amount of $4,425.00 for 14.75 hours billed at a rate of $300 per hour. (ECF No. 12-2 at 7). Plaintiff has provided evidentiary support that the number of hours billed and the hourly rate charged are reasonable. (ECF No. 12-2, Pl.'s Exh. at 7). Plaintiff also seeks an award of court costs in the amount of $400.00. Upon review, the Court finds the $4,425.00 in attorney's fees and $400.00 in court costs is reasonable.

## IV

In light of the above, Plaintiff's Motion for Default Judgment is **GRANTED.** (ECF No. 12). Consequently, Defendant LA Williams Construction, LLC is **ORDERED** to pay the following: (i) $23,589.94 in delinquent contributions for May, August, October and December of 2017 and for June of 2018 through December of 2018; (ii) $6,192.64 in liquidated damages and interest; (iii) $4,425.00 in attorney's fees; (iv) $400 in court costs; and (v) interest on the unpaid contributions in the amount of one percent per month for as along as such contributions remain unpaid. Furthermore, Defendant L.A. Williams Construction HWHY, LLC is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

**4/23/2020**                                                   **s/Edmund A. Sargus, Jr.**
**DATED**                                                             **EDMUND A. SARGUS, JR.**
                                                                          **UNITED STATES DISTRICT JUDGE**